IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-150-BO

| | |
|---|---|
| STACIE JUSTICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| NANCY A. BERRYHILL, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings [DE 22, 25]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Raleigh, North Carolina on November 16, 2018. For the reasons discussed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff applied for DIB and a period of disability on May 20, 2013. [Tr. 10]. Plaintiff asserted that she became unable to work on July 17, 2009, but later amended her onset date to December 30, 2011. [Tr. 46, 214–15]. On December 29, 2011, plaintiff received a prior final administrative determination that she was not disabled, and the Eastern District of North Carolina affirmed. [Tr. 97–113; No. 7:13-CV-107-D].

After plaintiff's application was denied both initially and upon reconsideration, she timely requested a hearing before an administrative law judge (ALJ). [Tr. 10, 118–56, 159–78]. A hearing

was held before an ALJ on September 18, 2015. [Tr. 10, 42–96]. The ALJ issued a decision in March 2016, finding that plaintiff was not disabled. [Tr. 7–9]. In May 2017, the Appeals Council denied plaintiff's request for review. [Tr. 1–6].

In July 2017, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). [DE 1]. Plaintiff and defendant then filed cross-motions for judgment on the pleadings which have been fully briefed and are ripe for disposition. [DE 22, 25].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted). Courts should not make their own credibility determinations or substitute their own judgments for the judgments of the ALJs. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot,

considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In this case, the ALJ's inquiry ended at step five when he concluded that, although plaintiff was unable to perform any of her past relevant work activities, she was able to perform other work that existed in significant numbers in the national economy. [Tr. 26–28]. In other words, the ALJ concluded that plaintiff was not disabled under the Social Security Act.

Plaintiff alleges that the ALJ erred by (1) finding that plaintiff's impairment did not meet section 1.02 of the Listings, (2) failing to properly weigh the treating source opinions, and (3) failing to include all of plaintiff's limitations in assessing her residual functional capacity. But a careful review of the record and the ALJ's decision shows that the decision was properly supported by substantial evidence and that remand would not be appropriate.

I. Section 1.02 of the Listings

Plaintiff first argues that the ALJ erred by determining that she did not meet or equal Listing 1.02. But the ALJ did specifically consider the applicability of Listing 1.02, determining that plaintiff did not meet or equal its requirements. 1.02 is categorized as a "[m]ajor dysfunction of a joint(s) (due to any cause)" and is "[c]haracterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankyloses, instability) and chronic joint pain and stiffness," resulting in an "inability to ambulate effectively." 20 C.F.R. Part 404, Subpart P, App'x

3

1, § 1.02. Substantial evidence exists in the record to support the ALJ's finding that plaintiff is able to "ambulate effectively" under 20 C.F.R. Part 404, Subpart P, App'x 1, § 1.00B(2)(b). The ALJ noted plaintiff's arthrogryposis multiplex congenital disease multiple times and consistently recognized the difficulties the disease caused for her. [Tr. 16, 18–22]. The ALJ also considered the knee pain that plaintiff alleged, plaintiff's ability to ambulate as described by her doctors, the fact that plaintiff had not been prescribed a cane, and the fact that several medical examinations described plaintiff's gait as only "moderate[ly]" antalgic. [Tr. 22, 26, 525, 545, 555, 565, 568, 573, 580, 583, 586, 589, 591, 663, 667, 670, 675]. In sum, despite some evidence to support plaintiff's knee pain and swelling, substantial evidence exists to support the ALJ's finding that plaintiff was able to "ambulate effectively" and that, therefore, plaintiff did not meet or equal Listing 1.02.

II. Treating Source Opinions

In deciding whether a claimant is disabled, an ALJ must always consider the medical opinions in the case record together with the rest of the relevant evidence received. 20 C.F.R. §§ 404.1527(a)(2)(b), 416.927(a)(2)(b).[1] A medical opinion is a statement "from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Treating source opinions are entitled to controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R.

---

[1] In January 2017, the Social Security Administration published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844; *see also* 82 Fed. Reg. 15132 (March 27, 2017) (amending and correcting the final rules published at 82 Fed. Reg. 5844). Because these final rules did not become effective until after the ALJ's decision, they do not apply in this case, and the citations in this order are to the rules in effect at the time of the ALJ's decision.

4

§§ 404.1527(d)(2), 416.927(d)(2). An ALJ's determination "as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' . . . or has failed to give a sufficient reason for the weight afforded a particular opinion." *Dunn v. Colvin*, 607 F. App'x 264, 267 (4th Cir. 2015). Factors that ALJs consider in determining how much weight to afford a medical opinion include (1) the examining relationship, (2) the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as a whole, (5) the physician's specialization, and (6) other relevant factors. 20 C.F.R. § 404.1527(c).

Substantial evidence supports the ALJ's assessment of the medical opinions. Plaintiff argues that the ALJ erred in not properly delineating the opinions of treating physicians before determining how much weight to give them, and then erred in "discount[ing] the opinion of Dr. Garrett." [DE 23, p. 11–12]. First, and in general, the ALJ gave reasons for the limited weight he assigned to certain medical opinions, often because they were from the wrong year or because they were void of analysis as to how the conclusions were reached. [Tr. 24]. Second, the ALJ did not err in discounting Dr. Garrett's opinion because he determined that, while the opinion reflected plaintiff's impairment, it did not explain how that impairment rendered plaintiff legally disabled for the purposes of the Social Security Act. Dr. Garrett also noted that he considered plaintiff disabled at the time of the examination, which was in January 2014; plaintiff then underwent treatment and in Dr. Garrett's later opinion he never suggested that plaintiff was still disabled. [Tr. 390, 396–98, 406, 619, 663, 667, 670]; *see Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling."). Third, the ALJ committed no reversible error in referencing (and affording minimal weight to) a treating physician's opinion from years prior to the onset date that had been included in the

5

transcript of the prior case. Overall, substantial evidence exists in the record to support the ALJ's assessments of the treating source opinions.

III. Residual Functional Capacity

Plaintiff argues that, due to the ALJ's "failure to properly evaluate the opinion evidence in this matter, the ALJ failed to include all of [plaintiff's] limitations in the residual functional capacity he presented to the vocational expert." [DE 23, p. 13]. More specifically, plaintiff takes issue with the ALJ discounting Dr. Blair's opinion of plaintiff's limitations regarding the need to elevate her legs and use a cane. *Id.* But, as noted above, the ALJ provided sufficient reasons for not giving Dr. Blair's opinion greater weight; with Dr. Blair's opinion, in particular, the opinion was established at least eight months after plaintiff's date last insured. [Tr. 24, 644–47]. Substantial evidence also existed elsewhere in the record that contradicted Dr. Blair's opinion. [Tr. 22, 663, 667, 670]. Substantial evidence existed in the record to support the ALJ's assessment of plaintiff's residual functional capacity.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 22] is DENIED and defendant's motion for judgment on the pleadings [DE 25] is GRANTED. The decision of the Commissioner is AFFIRMED. The Clerk is directed to close the file.

SO ORDERED, this ___ day of December, 2018.

_Terrence W. Boyle_
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE